**MSG**

$4400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IVAN KUSHNIRSKY, | CIVIL ACTION COMPLAINT |
|---|---|
| Plaintiff(s), | Civil Action No.: **19** **1900** |
| v. | Jury Trial Demanded |
| D & A Services, LLC, Bureaus Investment Group Portfolio No. 15, LLC, and DOES 1 through 10, inclusive, | |
| Defendant(s). | |

Ivan Kushnirsky ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the Commonwealth of Pennsylvania against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

## II. THE PARTIES

5. Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

1

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. D & A Services, LLC ("Defendant DAS") is a collection agency engaged in the business of debt collection within the Commonwealth of Pennsylvania, with its principal offices located at 1400 E. Touhy Avenue, Suite G2 Des Plaines, IL 60018, where it may be served.

8. Defendant is engaged in the business of being a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant's own website, http://www.dnasllc.com/, describes Defendant having "a core management team that brings over 100 years of collection knowledge and hand on experience to its clients." http://www.dnasllc.com/about/, last visited on May 1, 2019.

10. Bureaus Investment Group Portfolio No. 15, LLC ("Defendant Bureaus") is a debt buyer of charged off debt, engaged in the business of debt collection within the Commonwealth of Pennsylvania, with its principal offices located at 650 Dundee Road Northbrook, IL 60062.

11. Defendant DAS was acting as an agent of Defendant Bureaus, as well as on its own, and therefore, Defendant Bureaus can be held responsible and is vicariously liable for the conduct of Defendant DAS.

12. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

13. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

14. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

15. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

16. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

## III. JURISDICTION AND VENUE

17. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

18. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a.    Plaintiff resides in Bucks County, which is in the territory of the Eastern District of Pennsylvania;

    b.    Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

    c.    Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

## IV. STATEMENT OF CLAIMS

### BACKGROUND

19. On May 7, 2018, Defendant DAS mailed a debt collection letter to Plaintiff, on behalf of Defendant Bureaus, regarding an alleged consumer debt owed to "Capital One, N.A." A true and correct copy of this document (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

3

20.   The alleged debt referenced in the letter at issue – a purported "Current Balance" of $608.49 – was a credit card account and the alleged debt was incurred for personal, family or household purposes, including purchases of household goods.

21.   Upon information and belief, the letter at issue is a form letter, generated by a computer, with the information specific to Plaintiff inserted by a computer.

22.   The letter at issue was the first letter Defendant sent to Plaintiff regarding this alleged debt.

23.   Plaintiff read the letter and did not believe that the amount was accurate.

24.   Therefore, he wanted to dispute the debt, but unsure as to how to proceed.

25.   The FDCPA requires a mandatory initial notice to the consumer to serve as an informal dispute mechanism. See 15 U.S.C. § 1692g.

26.   Therefore, Defendant was required to include in the letter at issue a notice, which states, *inter alia*, that if Plaintiff disputes the debt or any part thereof, he must notify Defendant of this dispute in writing.

27.   This is significant, because only a written dispute triggers Defendant's obligation to provide Plaintiff verification of the debt. See Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991)(explaining that, for purposes of Section 1692g, "any dispute, to be effective, **must be** in writing. . . .")(emphasis supplied).

28.   Thus, in the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt **in writing** under 15 U.S.C. § 1692g.

29.   Further, as held by the Third Circuit, "in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000).

4

30.     A debt collector, therefore, violates the FDCPA when the requisite notice is "overshadowed" or "contradicted by other portions of the communication." Graziano, 950 F.2d at 111; Wilson, 225 F.3d at 354.

31.     In relevant part, Defendant's letter provided the following notice:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

32.     The above statement does not specify that the dispute must be in writing and, therefore, is not proper within the Third Circuit.

33.     Indeed, this statement creates a "reasonable probability that the least sophisticated debtor . . . would be induced to overlook his statutory right to dispute the debt." Graziano, 950 F.2d at 111.

34.     A consumer reading this language could reasonably believe that a phone call would be sufficient to preclude Defendant from assuming the debt to be valid.

35.     As described herein, Defendant's actions violated the applicable provisions of the FDCPA, in that, Defendant's letter fails to effectively provide Plaintiff with the statutory notice, required by Section 1692g.

36.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

37.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

38.     Plaintiff has been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

39.     Plaintiff has suffered and will continue to suffer actual damages due to Defendant's

5

conduct, as set forth herein.

40. As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

41. Plaintiff avers that the purpose of Defendant's behavior described herein (as well as its day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and profit for Defendant's business enterprise.

42. Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

43. Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

44. Irrespective of Plaintiff's actions, the aforementioned correspondence sent by Defendant to Plaintiff was false, misleading, and, at a minimum, in violation of the FDCPA.

## V. CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to F.R.Civ.P. 23.

46. Plaintiff brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: All natural persons, who were sent a letter, substantially in the form represented by Exhibit "A" (the "Class"), during the statutory period covered by this Complaint.

47. The number of individuals in the Class is so numerous that joinder of all members

6

is impracticable. The exact number of members of the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

48.     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class action and FDCPA litigation. See, e.g., Magness v. Bank of America, N.A., et al., Docket No. 12-cv-6586 (Davis, J.); Volyansky v. Hayt, Hayt & Landau, LLC, Docket No. 2:13-cv-03360 (McHugh, J.); Ebner v. United Recovery Systems, LP, et al., Docket No. 14-cv-06881 (Beetlestone, J.).

49.     Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

50.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

51.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FDCPA.

52.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

53.     There is a well-defined community of interest in the questions of law and fact

7

affecting the Class as a whole. The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

a. Whether Defendant is a "debt collector," as that term is defined under the FDCPA;

b. Whether Defendant's correspondence is a "communication" as that term is defined under the FDCPA;

c. Whether Defendant's correspondence is an attempt to collect a debt;

d. Whether Defendant's correspondence violated the FDCPA; and

e. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

54. Plaintiff's claims are typical of the claims of members of the Class.

55. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

56. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA
### (On Behalf of the Class)

2. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

3. As described herein, Defendant's failure to provide a timely and proper statutory notice of the initial communication is a *per se* violation of the FDCPA. See Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 324 (7th Cir. 2016)(explaining that the courts "have not extended the implicit materiality requirements of §1692e to reach claims under §1692g(a). . . .").

8

4.     As described herein, Defendant's letter does not comply with the FDCPA, because it creates the false impression that an oral dispute of the debt under Section 1692g is just as effective as the one made "in writing."

5.     Defendant's letter, therefore, is misleading, because it implies that the writing requirement for an effective dispute under Section 1692g is voluntary or optional. See Desantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2nd Cir. 2001)(explaining that a "debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]. . . .").

6.     Defendant's letter is also misleading, because it fails to advise a consumer of the proper method for exercising his or her rights to dispute the debt and seek its validation.

7.     Defendant's actions with respect to its collection efforts violated, *inter alia*, 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. See Guzman v. HOVG, LLC, et al., 340 F.Supp.3d 526 (E.D.Pa. 2018); see also Henry v. Radius Global Solutions, LLC, et al., 2019 WL 266316 (E.D.Pa. 2019); Durnell v. Stoneleigh Recovery Associates, LLC, 2019 WL121197 (E.D.Pa. 2019).

8.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## VI.    CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A.     Declaration that Defendants have violated the applicable provisions of the FDCPA;

B.     An Order designating this action as a class action pursuant to Rule 23;

C.     An Order appointing Plaintiff and her counsel to represent the Classes;

D.     An Order enjoining Defendants from any further violations of the FDCPA;

E.     Actual damages;

F.     Statutory damages;

G.     Attorneys' fees and costs; and

9

H.   Such other relief as the Honorable Court shall deem just and appropriate.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 1, 2019

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
2200 Renaissance Boulevard, Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
E-mail: gwells@cwglaw.com

Counsel for Plaintiff and the Class

# EXHIBIT "A"



**D & A Services**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Original Creditor | Current Creditor | Account Number | Current Balance |
|---|---|---|---|---|
| | CAPITAL ONE, N.A. | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC | | $608.49 |

Toll Free: 800-268-0514
Fax: 855.226.1835   •   Web: https://myaccount.dnasllc.com

| Hours of Operations: | M-Th 8 am – 7 pm CST |
|---|---|
| | Fri 8 am – 5 pm CST |
| | Sat 8 am – 12 pm CST |



Ivan Kushnirsky

May 07, 2018

Dear Ivan Kushnirsky:

This account has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

You may pay online by using the following link. Web: https://myaccount.dnasllc.com

---

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

800-268-0514

| D&A# | Current Balance |
|---|---|
| | $608.49 |

| Contact Number | Payment Amount |
|---|---|
| | $ |

Ivan Kushnirsky

Make your check or money order payable to:
D & A Services
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

00210

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

19-1900

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IVAN KUSHNIRSKY | D & A Service, LLC, et al |

**(b)** County of Residence of First Listed Plaintiff  Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  De Plaines, IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006   Phone (215) 364-5030

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury · | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / Injury Product ☐ 345 Marine Product / Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Product Liability / ☐ 380 Other Personal ☐ 360 Other Personal / Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury · / Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - / ☐ 535 Death Penalty Employment / **Other** | **IMMIGRATION** | | |
| | ☐ 446 Amer w/Disabilities - / ☐ 540 Mandamus & Other Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education / ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
15 U.S.C. § 1692
Brief description of cause
Violation of 15 U.S.C. § 1692

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*
JUDGE
DOCKET NUMBER

MAY - 2 2019

DATE
05/01/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG JUDGE

MSG

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   1900

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: 1400 E. Touhy Avenue, Suite G2 Des Plaines, IL 60018

Place of Accident, Incident or Transaction: Bucks County

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 05/01/2019                                                       87976

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I D  # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*  **Federal Question Cases:**

☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2   FELA
☐ 3.  Jones Act-Personal Injury
☐ 4   Antitrust
☐ 5   Patent
☐ 6   Labor-Management Relations
☐ 7   Civil Rights
☐ 8   Habeas Corpus
☐ 9   Securities Act(s) Cases
☐ 10  Social Security Review Cases
☑ 11. All other Federal Question Cases
     *(Please specify)*  15 U S C § 1692

*B*  **Diversity Jurisdiction Cases:**

☐ 1   Insurance Contract and Other Contracts
☐ 2   Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4   Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6   Other Personal Injury *(Please specify)* _____
☐ 7   Products Liability
☐ 8   Products Liability  Asbestos
☐ 9   All other Diversity Cases
     *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I,  Arkady "Eric" Rayz          , counsel of record *or* pro se plaintiff, do hereby certify

☐  Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑  Relief other than monetary damages is sought

MAY - 2 2019

DATE: 05/01/2019                                                       87976

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kushnirsky | : | CIVIL ACTION |
| v. | : | **19    1900** |
| D & A Services, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus   Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security   Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration   Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management - Cases that do not fall into any one of the other tracks   ( )

| | | |
|---|---|---|
| 5/1/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364 5030 | (215) 364 5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY -2 2019